UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEE DANIEL,<br><br>    Plaintiff,<br><br>    v.<br><br>CONTRA COSTA COUNTY SHERIFF'S DEPT,<br><br>    Defendant. | Case No. 16-cv-02037-EMC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Docket No. 1 |

## I. INTRODUCTION

David Lee Daniel, an inmate at the Martinez Detention Facility in Martinez, California, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. §§ 1983. The complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II. BACKGROUND

In less than half a page, Mr. Daniels lists an assortment of problems at the Martinez Detention Facility. He alleges that there is mold in the showers, the cell ventilation system has not been cleaned in decades, the cell walls are crumbling, the medical care is inadequate, grievances are inadequate, and he was given pain medication that did not work and unidentified medical staffmembers did not care when he told them. Docket No. 1 at 3. He does not further describe any of these problems in his complaint.

## III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any

1   claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or
2   seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b).
3   *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d
4   696, 699 (9th Cir. 1990).

5       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a
6   right secured by the Constitution or laws of the United States was violated and (2) that the
7   violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487
8   U.S. 42, 48 (1988).

9       Although a plaintiff is not required to plead "specific factual details not ascertainable in
10  advance of discovery," *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986), he does not
11  state a claim under 42 U.S.C. § 1983 if the allegations in the complaint are mere conclusions,
12  *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976). A complaint must contain
13  sufficient allegations to put defendants fairly on notice of the claims against them. *McKeever v.*
14  *Block*, 932 F.2d 795, 798 (9th Cir. 1991). A complaint that fails to state the specific acts of the
15  defendant which violated the plaintiff's rights fails to meet the notice requirements of Federal Rule
16  of Civil Procedure 8(a). *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

17      Mr. Daniel's complaint is too short on details for the court to determine whether any of his
18  constitutional rights may have been violated. He makes sweeping generalizations such as that the
19  medical care is "so inadequate as to be nonexistent," and the "grievances [are] so inadequate as to
20  be nonexistent." Docket No. 1 at 3. He does not explain what makes the medical care and
21  grievance system inadequate. And he provides no details about the other problems listed in the
22  complaint, such as the alleged mold, failure to clean the ventilation system or crumbling walls.
23  The complaint also does not identify the dates on which any events occurred, who the alleged
24  wrongdoers were, or whether he was actually harmed by any of the events. Mr. Daniel must file
25  an amended complaint to provide more information.

26      First, Mr. Daniel should state each claim separately in his amended complaint. For each
27  condition of confinement he contends is constitutionally deficient, he must allege the facts
28  showing his entitlement to relief from one or more defendants. With some effort, Mr. Daniel can

2

1  state his claims for relief such that they will be short and plain statements of each claim, rather
2  than the summary list of problems that is in the original complaint.  For example, if he claims he
3  received inadequate medical care, he should allege the date(s) on which he received inadequate
4  medical care, identify who provided the care or failed to provide the care needed, and describe
5  how the medical care was inadequate.  By way of further example, if he claims the ventilation
6  system is inadequate, he should allege the particular details that show how and why the ventilation
7  system is inadequate, allege the date(s) on which he was subjected to those inadequate conditions,
8  and allege who caused him to be subjected to the inadequate ventilation system.

Second, the only listed defendant is the Contra Costa County Sheriff's Department, but the complaint includes no allegations against that defendant.  There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is liable simply because he employs a person who has violated a plaintiff's rights.  *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)*; Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell,* 436 U.S. at 690.  To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation.  *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).  For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief.  *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012).  It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conduct conformed to a policy, custom or practice.  *See id.* at 636-68.

Third, if Mr. Daniel wants to add individuals as defendants, Mr. Daniel must be careful to allege facts showing the basis for liability for each individual defendant.  He should not refer to them as a group (e.g. "the defendants"); rather, he should identify each involved defendant by

3

name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

Fourth, it is unclear from the complaint whether Mr. Daniel was a pretrial detainee or a convict at the relevant times. His status affects the constitutional provision under which his claims arise: a pretrial detainee's claims about conditions of confinement arise under the Fourteenth Amendment's Due Process Clause, while a convict's claims arise under the Eighth Amendment's Cruel and Unusual Punishment Clause. Even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996). In his amended complaint, he must state whether he was a pretrial detainee or had been convicted as of the relevant time(s).

## IV.   CONCLUSION

The complaint is dismissed with leave to amend. Mr. Daniel must file an amended complaint that complies with the directions in this order no later than **October 14, 2016**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Mr. Daniel is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir.

///
///
///
///
///
///
///

4

1  2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not
2  require that they be repled in a subsequent amended complaint to preserve them for appeal. But for
3  any claims voluntarily dismissed, we will consider those claims to be waived if not repled.")
4  Failure to file the amended complaint will result in the dismissal of this action.

**IT IS SO ORDERED**.

Dated: September 21, 2016

_____
EDWARD M. CHEN
United States District Judge